IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.R., on behalf of his daughter S.R.,

    Plaintiff,

vs.                                                    Case No. 1:20-cv-00759 JHR/JFR

LAWRENCE ANDREW LARSON, in his
Individual Capacity,

    Defendant.

# NOTICE AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. On June 11, 2020, the plaintiff filed an Amended Complaint for Personal Injury and Violation of Civil Rights in New Mexico's Thirteenth Judicial District Court under the initial J.R. [Doc. 1, Exhibit ("Ex.") 2, p. 4, n. 1]. Plaintiff stated that "[b]ecause publication of parents' names would be equivalent of identifying the childhood victim of sexual abuse, parents of adults who were minors when sexually assaulted are also identified by their initials only." [*Id.*]. Plaintiff indicated that he would provide the Court and all counsel with an un-redacted copy of this Complaint as well as reference list correlating initials with full names. [*Id.*]. Defendant Lawrence Andrew Larson removed the case to federal court on July 27, 2020 [Doc. 1]. No relevant un-redacted documents were submitted to this Court. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

1

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245). If the court grants permission, it often requires plaintiffs to disclose their real names to defendants and to the court in a sealed filing. *Id*. Without such permission, the court may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

**IT IS THEREFORE ORDERED** that the plaintiff must show cause to proceed by pseudonym, in support of and/or in addition to the reason provided in the amended complaint [Doc. 1, Ex. 2, p. 4, n. 1], by **Monday, June 7, 2021**, why his and his minor child's full names should not be fully disclosed in filings with the Court. Larson may respond to plaintiff's submission by

**Monday, June 21, 2021,** but is not required to respond if Larson agrees with plaintiff's position; failure to file a timely response will constitute a waiver to object to the Court's decision. If the Court determines that the case can proceed under pseudonyms, it will order Plaintiff to file a sealed document stating the full name of Plaintiff and his minor child.

                                                                        _____
                                                                        JERRY H. RITTER
                                                                        UNITED STATES MAGISTRATE JUDGE
                                                                        *Presiding by Consent*