### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**J.R. on behalf of his daughter, S.R.**

      **Plaintiff,**

**v.**                                                                    **Case No. 1:20-cv-00759-JHR-JFR**

**LAWRENCE ANDREW LARSON, in his**
**Individual capacity,**

      **Defendant.**

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, through counsel, Kennedy Law, P.C. (Shannon L. Kennedy, Joseph P. Kennedy), hereby moves this Court for leave to proceed by pseudonym as ordered per Notice and Order to Show Cause [Doc. 52]. The Court should grant Plaintiff's request to proceed by pseudonym because an alleged childhood victim of sexual abuse has privacy interests outweighed by the small burden on the public's interest in open judicial proceedings occasioned by proceeding under a pseudonym. Both parties are aware of the names of S.R. and her parents and the name of another alleged victim and her parents. The parties entered a Stipulated Confidentiality Order [Doc. 10] to protect the privacy of the litigants, and specifically with respect to S.R.'s medical and mental-health medical records and educational records and Plaintiff has provided to Defendant an unredacted complaint and a reference list correlating initials with full names. Defendant Larson does not oppose this motion.

Plaintiff's counsel apologizes for her failure to provide the Court with an unredacted copy of Plaintiff's complaint as well as the reference list with correlating initials with full names and seeks to remedy this oversight as soon as possible.

The parties recognize it is paramount that alleged childhood victims of sexual abuse have

their interests vindicated while not being re-victimized in social media, which would happen if Plaintiff and S.R.'s full names were mandated on the open record.  The alleged abuse herein happened in a public high school, where a video was taken and posted to SNAPCHAT briefly but long enough to spread rumors throughout the school of whether S.R. either had been sexually assaulted or was lying about having been sexually assaulted by a male coach and substitute teacher. The shame inherent in being the subject of her peers' social media posts related to her alleged sexual abuse by her substitute teacher was a cause of S.R.'s decision not to return to the public high school where it happened.  Moreover, some of S.R.'s classmates have come forward as both witnesses to the subject incident and to the alleged sexual abuse of Defendant Larson towards S.R. and another female student also identified by her initials.

Sexual history and particularly sexual abuse are privacy interests that deserve the utmost protection – the type of protection that the use of initials as identifiers was intended to serve and indeed does provide for a case such as this. The necessity of revealing such intimate information weighs in favor of proceeding anonymously. Plaintiff's request will not prejudice Defendant's ability to defend this case.

## ARGUMENT

S.R.'s considerable privacy interest merits the Court granting her leave to proceed anonymously.  A party should be allowed to proceed anonymously when her privacy interest outweighs the presumption of openness in judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981) (observing that courts must balance "considerations calling for maintenance of a party's privacy against the customary and constitutionally–embedded presumption of openness in judicial proceedings"); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (noting judicial openness is "a presumption and not an absolute").  In cases of sexual assault or abuse,

courts have allowed litigation under pseudonyms because of the highly sensitive and personal content. *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C 2014); *see Plaintiff B. v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *Doe v. Blue Cross & Blue Shield United of Wisconsin.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of … rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"). "One's sexual practices and preferences are among the most intimate parts of one's life." *Doe v. B.C.B.S. of Rhode Island*, 794 F.Supp. 72, (D.R.I 1992). Though this case has received some media attention, the Plaintiff's identity has not been disclosed or made public. *Doe v. University of Rhode Island*, Civ. A. No. 93-0560B, 1993 WL 667341, at 5 (E.D.Mo. Apr. 2, 2009).

I.      **S.R. SHOULD BE PERMITTED TO PROCEED BY PSEUDONYM BECAUSE HER PRIVACY INTEREST OUTWEIGHS THE SMALL BURDEN ON THE PUBLIC'S INTEREST IN OPEN JUDICIAL PROCEEDINGS.**

The privacy interest at stake in this matter is akin to the privacy concerns identified in *Plaintiff B v. Francis*, 631 F.3d 1310 (2011).  In that case, plaintiffs sought anonymity in their challenge against a private actor for coerced sexual conduct.  *Id.* at 1312-13.  The district court's denial of that protection was reversed because, *inter alia*, "the district court gave inadequate consideration to the degree of intimacy the Plaintiffs' testimony would reach."  *Id*. at 1316.  The appellate court elaborated: "The issues involved in this case could not be of a more sensitive and highly personal nature…."  *Id*. at 1317. S.R. should not be forced to endure the additional degradation of having her identity revealed to the public as the price for seeking to vindicate her rights; "justice should not carry such a high price."  *Id*. at 1319.  Allowing Plaintiff on behalf of S.R. to proceed anonymously will afford her, and other victims of sexual assault, some dignity as

the matter is litigated in open court proceedings.  On this basis alone, the Court is justified in granting Plaintiff's request to proceed anonymously.

Further, S.R. and victims face the possibility of being subjected to "slut shaming" for coming forward with the nature of the sexual abuse she has alleged Defendant Larson inflicted upon her. Slut shaming is the practice of harassing, denigrating and even physically beating up a woman due to an aspect of her sexuality. (Leora Tanenbaum, *Slut-Shaming Undermines Women*, BOSTON GLOBE (Feb. 20, 2015), https://www.bostonglobe.com/opinion/2015/02/20/slut-shaming-undermines-women/4dUdzDODYT2pNnldPS9pWM/story.html).  The practice of shaming may cause those being shamed to become targets for future sexual assault because they are categorized as not being able to say "no" to sex. *Id.* Being labeled a "slut" often causes the victims to lose credibility with others or be told that the assault was the result of her behavior. *Id.* These negative ascriptions cause victims to associate coming forward as opening themselves for further abuse. *Id.* Slut shaming has resulted in self-mutilation and even suicide. (Sabrina Nelson, *Slut Shaming and Rape Culture*, HUFFINGTON POST (May 15, 2013), http://www.huffingtonpost.com/sabrina-nelson/rape-culture_b_3279668.html); Leora Tanenbaum, *The Truth About Slut Shaming*, HUFFINGTON POST (Apr. 15, 2015), http://www.huffingtonpost.com/leora-tanenbaum/the-truth-about-slut-shaming_b_7054162.html; Beverly Engel, *Healing the Shame of Childhood Abuse Through Self-Compassion*, PSYCHOLOGY TODAY (Jan. 15, 2015), https://www.psychologytoday.com/blog/the-compassion-chronicles/201501/healing-the-shame-childhood-abuse-through-self-compassion.) In an age where social media proliferates our society, the ability for harassers to find victims online and quickly disseminate negative and harassing comments is a valid concern. (Leora Tanenbaum, *The Truth About Slut Shaming*, HUFFINGTON POST (Apr. 15, 2015), http://www.huffingtonpost.com/leora-tanenbaum/the-truth-about-slut-

shaming_b_7054162.html.)

S.R. has alleged she has experienced lasting shame from the sexual assault. The shame felt from sexual assault is lasting – "[f]ormer victims of child abuse are typically changed by the experience, not only because they were traumatized, but because they feel a loss of innocence and dignity and they carry forward a heavy burden of shame which permeates every aspect of their lives. (Beverly Engel, *Healing the Shame of Childhood Abuse Through Self-Compassion*, PSYCHOLOGY TODAY (Jan. 15, 2015), https://www.psychologytoday.com/blog/the-compassion-chronicles/201501/healing-the-shame-childhood-abuse-through-self-compassion.)

To use S.R.'s full name on open record serves no purpose beyond chilling the willingness for victims of sexual abuse to come forward in the future. "Shame is what prevents many survivors from speaking about what happened to them. Shame is an attack on the survivor as a person." (Lis, *Guilt and Shame of Being Raped*, HEALTHY PLACE (July 21, 2016), http://www.healthyplace.com/abuse/articles/guilt-and-shame-of-being-raped/.)

## II.  VICTIMS OF SEXUAL ASSAULT ARE ENTITLED TO BE TREATED WITH RESPECT AND PRIVACY.

Victims of sexual assault feel the utmost sense of violation and are subject to embarrassment, shame, and even fear. Most incidents of sexual abuse and harassment are left unreported due to the victim's valid fear of being stigmatized or subjected to further harm. To protect victims that have stepped forward and to foster a system of reporting future harms, victim protection laws have been implemented. "Recognizing the … concern for victims of crime, it is the purpose of the Victims of Crime Act to assure that: the full impact of a crime is brought to the attention of the court [and that] victims of violent crimes are treated with dignity, respect and sensitivity at all stages of the criminal justice process." NMSA 1978, § 31-26-2(A) – (B). Acknowledging the rights of a victim, the State of New Mexico has a provision in their constitution

which states, "[a] victim of criminal sexual contact of a minor … shall have the … right[s] … to be treated with fairness and respect for the victim's dignity and privacy …" N.M.CONST. art. II, § 24. To ignore the purpose and spirit of these laws would serve to further damage these victims and quash the desire for future victims to step forward.

## III.   NO PREJUDICE WILL RESULT FROM S.R. AND OTHER ALLEGED MINOR VICTIMS PROCEEDING UNDER PSEUDONYMS.

In contrast to S.R.'s substantial privacy concerns, the public's right to open proceedings is not significantly diminished should Defendant Larson's alleged victims be identified through pseudonyms. The Fifth Circuit has recognized that the public's ability to monitor the administration of justice by our courts is not hampered by permitting the plaintiff to proceed anonymously on behalf of S.R.:

> The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.  The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.  These crucial interests served by open trials are not inevitably compromised by allowing a party to proceed anonymously.

*Stegall*, 653 F.2d at 185.

Nor will allowing Plaintiff to proceed anonymously prejudice Defendant. Defendant already knows Plaintiff's full name and identity (as well as the full name of the other victim provided in an unredacted companion complaint and Rule 26 disclosures) and have been able to investigate these matters. Defendant has been able – and will be able to continue – to zealously defend against this lawsuit.  *See Doe No.* 2, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers. Indeed, defendants already

6

know plaintiff's true identity."); *Plaintiff B.*, 631 F.3d at 1319 ("Defendants are aware of Plaintiffs' identities and thus are not barred from conducting a full range of discovery in building a defense for trial.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to continue with the use of initials as identifiers for herself as well as Mr. Larson's other alleged minor victim.

Respectfully Submitted,

**KENNEDY LAW, P.C.**

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy
Joseph P. Kennedy
*Attorneys for Plaintiff*
1000 2nd Street NW
Albuquerque, NM 87102
(505) 244-1400 / F: (505) 244-1406
slk@civilrightslaw.com
jpk@civilrightslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all counsel of record on the day of its filing with the CM/ECF system.

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy