IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.R., on behalf of his daughter S.R.,

    Plaintiff,

vs.                                                                               Case No. 1:20-cv-00759 JHR/JFR

LAWRENCE ANDREW LARSON, in his
Individual Capacity,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM AND ORDERING SEALED FILINGS

THIS MATTER comes before the Court on Plaintiff's Unopposed Motion for Leave to Proceed by Pseudonym [Doc. 53], filed May 13, 2021. Having thoroughly reviewed the parties' submission and the relevant law, the Court grants the Motion and orders the following sealed filings.

### I.    MOTION TO PROCEED BY PSEUDONYM

Plaintiff, under the initials "J.R.", sued Defendant Lawrence Andrew Larson for Personal Injury and Violation of Civil Rights. [Doc. 1, Exhibit ("Ex.") 2, p. 4, n. 1]. On May 7, 2021, the Court ordered Plaintiff to show cause to proceed by pseudonym. [Doc. 52]. On May 13, 2021, Plaintiff filed the current Unopposed Motion for Leave to Proceed by Pseudonym. [Doc. 53]. Plaintiff notes that Larson does not oppose, and the time for Larson to respond to Plaintiff's submission has passed. [Doc. 53, p. 1; Doc. 52, p. 3]. Having thoroughly reviewed the parties' submission and the relevant law, noting that Larson does not oppose the Motion, the Court finds good cause and grants the Motion.

### II.    SEALED FILINGS

The Tenth Circuit has stated that if the court grants permission to proceed by pseudonym,

it may require plaintiffs to disclose their real names to defendants and to the court in a sealed filing because without such permission, the court may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (internal citation omitted). Requiring plaintiffs to disclose certain information in sealed filings is consistent with the court's authority since Federal Rule of Civil Procedure 5.2(d) provides in part: "[t]he court may order that a filing be made under seal without redaction."

Therefore, the Court orders that the plaintiff file an unredacted complaint under seal. *See* Fed. R. Civ. P. 5.2(d), (f). Furthermore, the Court orders that the plaintiff file reference lists under seal for any other past filings containing redactions. *See* Fed. R. Civ. P. 5.2(d), (g). The reference lists must comply with Rule 5.2(g) and, specifically, must "identif[y] each item of redacted information and specif[y] an appropriate identifier that uniquely corresponds to each item listed." *See* Fed. R. Civ. P. 5.2(g). Lastly, the Court orders that any future redacted filing be accompanied by a Rule 5.2(g) reference list or a Rule 5.2(f) unredacted copy.

### III. <u>CONCLUSION AND ORDER</u>

For the above reasons, the Court hereby:

1. **grants** Plaintiff's Unopposed Motion for Leave to Proceed by Pseudonym [Doc. 53];
2. **orders** Plaintiff to file an unredacted complaint under seal by **Tuesday, July 20, 2021**;
3. **orders** Plaintiff to file Rule 5.2(g) reference lists for any other past filings containing redactions by **Tuesday, July 20, 2021**; and
4. **orders** that any future redacted filing be accompanied by a Rule 5.2(g) reference list or a Rule 5.2(f) unredacted copy.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*